UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| Melvin Roach Jr., | : | |
| Debtor | : | Bankruptcy No. 25-11047-amc |

**DEBTOR'S RESPONSE AND OBJECTION TO MOVANT PIAZZA PARTNERS I, LP'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Debtor, Melvin Roach Jr., appearing pro se, respectfully submits this Response and Objection to Piazza Partners I, LP's Motion for Relief from Stay, and states as follows:

## I. INTRODUCTION

Movant seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), citing nonpayment of rent and a purported lease expiration as grounds for eviction. **Movant's motion must be denied. The motion is procedurally defective, factually unsupported, and barred as a matter of law and equity. Moreover, Movant's pattern of violations and misrepresentations rises to the level of bad faith, which independently bars relief.**

1

## II. FACTUAL BACKGROUND

**1.** On **March 18, 2025**, Debtor filed this Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania. Pursuant to 11 U.S.C. § 362(a), the automatic stay immediately took effect.

**2.** On **March 20, 2025**, Debtor formally notified Movant and its agents, including property management and legal counsel, of the bankruptcy filing and the automatic stay.

**3.** On **March 21, 2025**, despite receipt of formal notice and knowledge of the stay, Movant filed a Landlord-Tenant eviction complaint in the Philadelphia Municipal Court in direct violation of the stay.

**4.** Thereafter, Movant repeatedly and willfully continued post-petition collection efforts, including:

- Demanding rent and sending balance update notices via email;

- Deactivating Debtor's access fob and denying access to common areas and mail services;

- Refusing to comply with the mandatory Philadelphia Eviction Diversion Program prior to initiating eviction proceedings.

**5.** Debtor's lease remains valid through **September 2025**, and as such is property of the estate under 11 U.S.C. § 541.

## III. LEGAL STANDARD

Relief from stay may be granted "for cause." 11 U.S.C. § 362(d)(1).

"Cause is determined on a case-by-case basis by examining the totality of circumstances."

**- In re Brown, 311 B.R. 409, 413 (E.D. Pa. 2004)**

"Mere nonpayment alone is insufficient cause for relief."

**- In re Elmira Litho, Inc., 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994)**

The Court should consider the following factors when determining whether "cause" exists, including but not limited to:

- Whether the debtor has equity in the property;

- Whether the property is necessary for effective reorganization (if Chapter 11);

- Whether the stay harms the creditor more than lifting it would harm the debtor;

- Whether the creditor's interest is adequately protected.

- See **In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990)**

## IV. ARGUMENT

### A. The Lease Has Not Expired

Debtor's lease, valid through **September 2025,** remains property of the estate protected by the automatic stay. Movant's assertion of expiration is legally and factually false.

See 11 U.S.C. § 541 (property of the estate includes unexpired leases).

### B. Movant's Willful Violations of the Stay

Under **11 U.S.C. § 362(a)(1)–(6),** Movant's post-petition actions violated multiple subsections of the automatic stay, including commencement of eviction litigation, collection of prepetition debts, and interference with estate property.

Movant willfully violated the stay by:

- Filing eviction after formal notice of bankruptcy;

- Continuing rent demands and billing notices;

- Disabling Debtor's fob and restricting access.

See **In re Lansdale Family Restaurants, Inc., 977 F.2d 826, 829 (3d Cir. 1992)** (willful violation occurs when creditor acts intentionally with knowledge of stay).

### C. Unlawful Self-Help Eviction Conduct

Movant's actions constitute illegal self-help eviction tactics.

See **In re Carrigan, 109 B.R. 167 (Bankr. W.D.N.C. 1989)** (self-help eviction → damages).

### D. Failure to Comply With Philadelphia Eviction Diversion Program

Movant's refusal to complete required local pre-eviction procedures renders its eviction complaint void as a matter of Pennsylvania public policy and independently bars relief from stay because federal courts will not grant relief to enable the continuation of unlawful or procedurally defective eviction proceedings.

### E. Lack of Adequate Protection

Movant asserts no basis for "adequate protection." There is no evidence of property harm or depreciation. Mere nonpayment, without more, does not justify relief.

### V. RELIEF REQUESTED

WHEREFORE, Debtor respectfully requests that this Court enter an Order:

**(a)** Denying the Motion for Relief from the Automatic Stay;

**(b)** Finding Movant willfully violated the automatic stay;

**(c)** Awarding sanctions pursuant to 11 U.S.C. § 362(k), as follows:

**(i)** Actual damages in the amount of $10,000 for emotional distress and harassment;

**(ii)** Punitive damages in the amount of $25,000 for egregious, repeated violations;

**(iii)** Costs/expenses in the amount of $500.

**(d)** *Granting such other and further relief, at law or in equity, as this Court deems just and proper, including but not limited to any further sanctions or injunctive relief necessary to enforce the automatic stay.*

Respectfully submitted,

Dated: May 5, 2025

**By:**

**Melvin Roach Jr.**
Pro Se Debtor
roachm646@gmail.com
(267) 366-3443

**CERTIFICATE OF SERVICE**

I, Melvin Roach Jr., hereby certify that on this 5th day of May, 2025, a true and correct copy of the **Debtor's Objection to Piazza Partners I LP's Motion for Relief from the Automatic Stay** was served via electronic mail and/or first-class mail, postage prepaid, upon the following parties:

- **Counsel for Movant Piazza Partners I LP:**
  Jonathan Stanwood, Esq.
  Stanwood Law
  123 South Broad Street, Suite 2440
  Philadelphia, PA 19109
  jonathan@stanwoodlaw.com

- **Piazza Partners I LP (Landlord):**
  c/o Post Brothers Management
  Attn: Patrick McKellick / Molly Burns
  1099 Germantown Avenue
  Philadelphia, PA 19123
  pmckellick@postrents.com
  mburns@postcre.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: May 5, 2025

By: *[signature]*
**Melvin Roach Jr.**
Debtor, pro se
roachm646@gmail.com
(267) 366-3443