IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| MELVIN ROACH JR., | § | Case No. 25-11047 |
| | § | |
| Debtor. | § | Re: Dkt. No. 28 |

**COMCAST'S RESPONSE TO DEBTOR'S MOTION FOR SANCTIONS PURSUANT TO 11 U.S.C. § 362(K)(1) FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY**

Comcast Cable Communications, LLC ("Comcast"), hereby submit this *Response* to the *Motion for Sanctions Pursuant to 11 U.S.C. § 362(k)(1) for Willful Violation of the Automatic Stay* [Dkt. No. 28] (the "Motion") filed by Melvin Andrew Roach Jr. (the "Debtor"), and would respectfully show as follows:

### I.   BACKGROUND

1. On March 18, 2025 (the "Petition Date"), the Debtor filed a *pro se* petition under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above-captioned case (the "Bankruptcy Case") before the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Court").

2. On May 8, 2025, the Debtor filed the Motion, alleging, among other things, that Comcast had "repeated notice and actual knowledge" of the Bankruptcy Case and intentionally and willfully violated the automatic stay. Motion at ¶¶ 6, 15.

3. In support of his accusation that Comcast, the Debtor identifies a single alleged phone call on May 6, 2025, in which the Debtor alleges that a Comcast customer service representative inquired about the Debtor's outstanding balance. Debtor alleges that after the

representative made such inquiry, he then informed them that "the debt was subject to the automatic stay and that [Comcast's] actions constituted a violation of federal law." *Id.* At ¶¶ 7-8.[1]

## II. ARGUMENT

4. While Comcast disagrees with the Debtor's allegations, Comcast takes such accusations seriously and is investigating the circumstances surround the call alleged by the Debtor. Comcast has confirmed that the Debtor's accounts are marked with a bankruptcy hold and that there will be no attempt to collect on any prepetition debt owed by the Debtor.[2] Further, as discussed below, the Debtor has not shown any compensable damages incurred as a result of the alleged call. As such, Comcast requests the Court enter the order attached as **Exhibit A** denying the Motion.

### A. Debtor Cannot Show any Compensable Damages.

5. Assuming, *arguendo*, that a violation of the automatic stay occurred, the Debtor has not demonstrated any actual or compensable damages. *In re Wagner*, 74 B.R. 898, 902 (Bankr. E.D. Pa. 1987) ("The violation of the stay, by itself, does not support an award of damages and attorney's fees.").

6. As stated above, the Debtor has identified only one phone call as allegedly having violated the automatic stay. Despite this, the Debtor relies on *Wagner* to request $15,000 in emotional damages as a result of the alleged phone call. In *Wagner*, the court awarded actual damages for "some shock, alarm and fear while the [violation of the automatic stay] took place." *Id.* At 905. The violation the court refers to is this:

> During the evening of October 5, 1986, Ivory burst into the debtor's home, shut the lights and, in the darkness, held up a finger to the debtor's head (as if he were

---

[1] Notably, the Debtor does not claim that he informed the representative that he had filed the Bankruptcy Case—just that a call from Comcast's representative was "a violation of federal law." *Id.* Nor does the Debtor identify whether the alleged debt is a prepetition debt subject to the automatic stay.
[2] Comcast specifically reserves the right to seek payment for postpetition services not subject to the automatic stay.

holding a gun) and screamed, **"I'm not playing, I'm not playing, next time I'm going to blow your brains out, bring a gun and I'll blow your brains out."** After Ivory left, the debtor notified the police. On November 6, 1986, Ivory pled guilty to the charge of criminal harassment before a Pennsylvania district justice and paid a $25.00 fine.

*Id.* at 900-01 (emphasis added). For this action, the *Wagner* court awarded the debtor $100 in actual damages, stating that there was no evidence "the debtor suffered any long term physical or emotional harm as a result of the threats Ivory made . . . ." *Id.* At 905.

7. Here, the Debtor has not demonstrated any evidence of emotional distress from the phone call nor has he demonstrated that, in the two days between the phone call and the filing of the Motion, he suffered any long term physical or emotional harm. As such, the Debtor has shown no actual damages.

*8.* The Debtor also requests compensation for his time and effort in "prosecuting this motion pro se, valued at $2,000 to $2,500 [and] Out-of-pocket expenses, estimated at $250." Motion at ¶ 18. This appears to be an attempt to recover attorney's fees, which, despite the Debtor's assertion to the contrary,[3] are generally not provided to *pro se* litigants. *See In re Olick*, 422 B.R. 507, 552 (Bankr. E.D. Pa. 2009), *aff'd*, 466 B.R. 680 (E.D. Pa. 2011), *aff'd*, 498 F. App'x 153 (3d Cir. 2012) ("As for attorneys fees, under Pennsylvania law and Connecticut law, like federal law, pro se parties generally are not awarded attorney's fees under fee-shifting statutes.") (collecting cases). Even if it is not a request for attorney's fees, because the Debtor has shown no actual damages, a monetary award for time and effort is not warranted.

9. The Debtor also requests punitive damages in an amount of $25,000. As the Debtor has shown no actual damages, and as Comcast has updated its records to ensure that the Debtor's

---

[3] *In re Johnson*, 601 B.R. 365, 381-82 (awarding attorneys fees to the debtor's pro bono counsel in defending an egregious violation of the automatic stay).

3

account accurately reflects the Bankruptcy Case and no attempt to collect on any prepetition debt will be made, punitive damages are not warranted.

### III. CONCLUSION

Comcast has ensured that the Debtor's accounts have been updated to reflect the filing of the Bankruptcy Case. Further, the Debtor has not shown any actual damages that should be awarded. As such, Comcast respectfully requests the Court (i) enter an order substantially in the form attached hereto as **Exhibit A**, denying the Motion with prejudice to refiling and (ii) grant such other relief to which Comcast may be entitled.

**DATED**: May 22, 2025

/s/ *Benjamin R. Wilson*
Benjamin R. Wilson
State Bar No. 327118
**Holland & Knight LLP**
1650 Market St., Suite 330
Philadelphia, PA 19103
Tel: 215.252.9600
Email: benjamin.wilson@hklaw.com

-and-

Barbara Parlin
**Holland & Knight LLP**
787 Seventh Avenue, 31st Floor
New York, NY 10019
Tel: 212.513.3200
Email: barbara.parlin@hklaw.com

-and-

Cameron K. Rivers
**Holland & Knight LLP**
811 Main Street, Suite 2500
Houston, TX 77002
Tel: 713.217.2886
Email: cameron.rivers@hklaw.com

***Attorneys for Comcast***

**Exhibit A**
Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| MELVIN ROACH JR., | § | Case No. 25-11047 |
| | § | |
| Debtor. | § | |
| | § | |

**ORDER DENYING DEBTOR'S MOTION FOR SANCTIONS PURSUANT TO 11 U.S.C. § 362(K)(1) FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY**

Upon the *Motion for Sanctions Pursuant to 11 U.S.C. § 362(k)(1) for Willful Violation of the Automatic Stay* (the "Motion")[1] filed by Melvin Andrew Roach Jr. (the "Debtor"), **IT IS HEREBY ORDERED THAT**:[2]

1. The Motion is **DENIED WITH PREJUDICE** to refiling.

2. The Debtor suffered no actual damages in connection with the Motion. The Debtor is not entitled to compensation for any time, effort, or cost spent in filing and prosecuting the Motion.

3. Comcast may, without further order of this Court, seek payment for all postpetition services provided to the Debtor and exercise all rights and remedies under any agreement with the Debtor, including the suspension or termination of postpetition services, in the event the Debtor fails to timely pay for such postpetition services. For the avoidance of doubt, nothing in this Order authorizes Comcast to attempt to collect any prepetition debt without further order of this Court.

Dated: _____, 2025

_____
HONORABLE ASHLEY M. CHAN
UNITED STATES BANKRUPTCY JUDGE

---

[1] All capitalized terms not expressly defined herein shall have the same meaning as ascribed in the Motion.

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact where appropriate. See Fed. R. Bankr. P. 7052.